UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRI L. KALMBACH,

        Plaintiff,

                                            Case Number 08-13214-BC
v.                                          Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____ /

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On July 25, 2008, Plaintiff Terri L. Kalmbach filed a complaint, alleging that Defendant Commissioner of Social Security's incorrectly denied her application for disability benefits. Dkt. # 1. The parties filed cross-motions for summary judgment, which the Court referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1). On April 2, 2009, Judge Binder issued a report and recommendation that substantial evidence supported the administrative law judge's ("ALJ") decision denying disability benefits. Dkt. # 16. On April 10, 2009, Plaintiff objected, arguing that the magistrate judge misapplied the treating-physician rule and the ALJ's credibility determination was not supported by substantial evidence. For the reasons stated below, the Court will **ADOPT** the report and recommendation, **OVERRULE** Plaintiff's objection, **GRANT** Defendant's motion for summary judgment, and **DENY** Plaintiff's motion for summary judgment.

I

A

Because the administrative record ("AR"), the pleadings, and the report and recommendation

thoroughly document Plaintiff's medical history, the Court will focus on information relevant to the instant objection. *See* dkt. # 7, 8, 13, 16. Born in 1958, Plaintiff was employed as an office manager from October of 1993 until April 27, 2005. On July 26, 2005, Plaintiff requested disability benefits because she suffers from fibromyalgia, arthritis, sleep apnea, acid reflux, asthma, hypothyroidism and bilateral carpal tunnel syndrome. The record indicates that Plaintiff is morbidly obese. Ultimately, the ALJ found that obesity, asthma, diabetes, and sleep apnea each qualified as severe impairments, but that Plaintiff's fibromyalgia was not a severe impairment.

Drs. Vladimir Ognenovski and Richard Beison treated Plaintiff's fibromyalgia, which is well documented in Plaintiff's medical history. *See*, *e.g.*, AR at 96-126. Dr. Ognenovski first treated Plaintiff on May 30, 2001. On October 11, 2007, Dr. Ognenovski opined that Plaintiff is "totally incapacitated in her ability to perform at her usual job due to constant pain, fatigue, and difficulty concentrating." AR at 102. Dr. Ognenovski estimated that, in an eight hour work day, Plaintiff would be limited to one to two hours of sitting and less than one hour of walking or standing. AR at 100. Dr. Ognenovski believed that Plaintiff could not perform a "low stress" job. *Id.* Notwithstanding those opinions, on July 5, 2007, Dr. Ognenovski had noted that Plaintiff experienced "full range of motion" of her limbs and joints and described her fibromyalgia as "baseline." AR at 136. He also described Plaintiff as "very comfortable and functional." *Id.*

Dr. Beison also diagnosed fibromyalgia, which impaired her ability to ambulate. AR at 156. Dr. Beison noted that Plaintiff suffered from "moderately severe" pain. Similar to Dr. Ognenovski, Dr. Beison opined that Plaintiff "is totally disabled for any type of work primarily due to her fibromyalgia, osteoarthritis, sleep apnea, morbid obesity, and carpal tunnel syndrome." AR at 163.

B

The ALJ's determination employed the five-step sequential evaluation process set forth at 20 C.F.R. § 416.920. *See generally* AR at 16-22. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 27, 2005. *See* 20 C.F.R. §§ 416.920(a)(4)(i) and 416.920(b). Second, the ALJ found that Plaintiff suffers from obesity, asthma, diabetes, and sleep apnea. *See* 20 C.F.R. §§ 416.920(a)(4)(ii) and 416.920(c). While discussing Plaintiff's fibromyalgia at length, the ALJ did not specifically identify that ailment as a severe impairment. At the third step, the ALJ concluded the combination of impairments did not meet any of the listings found in Appendix 1 of the regulations. *See* 20 C.F.R. §§ 416.920(a)(4)(iii) and 416.920(d). Based on this conclusion, the ALJ concluded that Plaintiff was not disabled and did not consider the final two steps.

II

The Court reviews Defendant's decision to determine whether its "factual findings . . . are supported by substantial evidence." *Tyra v. Secretary of Health and Human Services*, 896 F.2d 1024, 1028 (6th Cir. 1990) (*citing* 28 U.S.C. § 405(g)). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

III

Plaintiff's objection renews two arguments previously advanced in her motion for judgment. First, Plaintiff contends that the magistrate judge disregarded the objective medical findings of

Plaintiff's treating physicians. Second, Plaintiff asserts that the ALJ's finding that Plaintiff lacked credibility was incorrect. Each objection shall be addressed in turn.

A

When evaluating a claim for disability benefits, an ALJ is required to consider the medical opinions "from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). The ALJ must give a treating physician "controlling weight" if the "opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record . . . ." 20 C.F.R. § 404.1527(d)(2). "[I]n all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

If the record contains inconsistent evidence, however, then the ALJ must "weigh the evidence" together to make a determination. 20 C.F.R. § 404.1527(c)(2). "When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). When an ALJ discounts a treating physician's opinions, the ALJ is required to identify "good reasons . . . that are 'sufficiently specific to make

clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.' " *Id.* (citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, *4 (July 2, 1996)).

Here, Plaintiff contends that the ALJ and the magistrate judge misunderstand the nature of fibromyalgia because it is a chronic disease not evaluated by diagnostic testing. Dkt. # 17 at 2-4. Indeed, fibromyalgia is severe impairment that generally does not present "objectively alarming signs." *Rogers*, 486 F.3d at 243-44 (citations omitted). With respect to Plaintiff's fibromyalgia, the ALJ accepted the diagnosis, but disregarded the reported severity of the symptoms. The ALJ reasoned that Drs. Beison and Ognenovski's "opinions [that Plaintiff was disabled] are given minimal weight as they are not fully supported by the objective findings and appear to be entirely based on the claimant's subjective complaints." AR at 22. In concluding so, the ALJ considered evidence concerning Plaintiff's daily activities, effectiveness of medication, and the intensity and duration of pain. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR at 21.

Ultimately, the Court agrees with the report and recommendation that the ALJ's determination was supported by the record. As *Rogers* emphasizes, a diagnosis of fibromyalgia presents a circumstance where the disabling effect is determined by evaluating subjective factors. Although Plaintiff's treating physicians concluded that Plaintiff was "disabled," the record provided some support for the contrary conclusion. For example, the July 5, 2007 evaluation described Plaintiff's fibromyalgia as "baseline" and noted that Plaintiff was "very comfortable and functional."

Substantial evidence supported the ALJ's decision.

B

A district court does not resolve conflicts of evidence or issues of credibility. *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (citing *Bradley v. Sec'y of Health and Human Servs.*, 862 F.2d 1224, 1227 (6th Cir.1988). With respect to Plaintiff's credibility, the ALJ reasoned as follows:

> After reviewing the medical record including the testimony at the hearing with respect to the severity limitations and restrictions, the record is not supportive of the claimant's allegation that her symptoms result in a residual functional capacity, which would preclude her from performing any work. She engages in normal daily and social activities. She has not required hospitalization for any physical or mental difficulties and no surgical intervention or other aggressive treatments have been described. The medical record contains no significant complaints of medication side effects or ineffectiveness that might reasonably prevent the claimant from completing an eight-hour workday. There is no indication that her diabetes, asthma, acid reflux and, [sic] hypothyroidism are not under good control with medication. The use of a CPAP helps her sleep apnea. She has full mobility. Laboratory results are essentially normal and her bone scan, MRI, and x-rays were negative with only minimal degenerative changes. There are no current EEG results showing the claimant has more than mild carpal tunnel. While the undersigned does not doubt that the claimant experiences some discomfort, the allegations of a pain level that precludes all types of work are inconsistent with the objective medical evidence, the absence of more aggressive treatment, the claimant's ordinary activities, and with the evidence as a whole.

AR at 21. In discounting Plaintiff's credibility, the ALJ considered portions of the record that contradicted Plaintiff's representations concerning her functional ability. The Court agrees that substantial evidence supports the ALJ's conclusion.

IV

Notwithstanding evidence supporting Plaintiff's claims of disability, substantial evidence

exists supporting the ALJ's conclusions. Under the governing standards, the Court concludes that the ALJ's decision was within the range of discretion allowed by law.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 16] is **ADOPTED**. Plaintiff's objection to the report and recommendation [Dkt. # 17] is **OVERRULED**.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 13] is **GRANTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment [Dkt. # 8] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 14, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---